UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| THERESA THOMAS-EDWARDS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:13-CV-176-PRC |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 28], filed on December 19, 2014. This matter became fully briefed on January 14, 2015.

After a final decision by the Agency that Plaintiff was not disabled, she filed an appeal with this Court, arguing that the administrative law judge (ALJ) who decided her case made a number of errors in evaluating her residual functional capacity (RFC), in evaluating the demands of her past work and her abilities, in finding that she could do a significant number of other jobs, in crafting the listing-level analysis, and in assessing her credibility.

This Court issued an Opinion and Order on September 24, 2014, reversing the Commissioner's decision to deny benefits and remanding this case for further consideration. Plaintiff now asks for attorney fees under the Equal Access to Justice Act (EAJA).

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Government, including agency heads such as the Commissioner of Social Security, if (1) the Plaintiff was the prevailing party; (2) the Commissioner's position wasn't substantially justified; (3) there are no special circumstances that make an award unjust; and (4) the application was timely and supported by an itemized statement. *United States v. Hallmark Constr.*

*Co.*, 200 F.3d 1076, 1078–79 (7th Cir. 2000) (citing 28 U.S.C. § 2412(d)(1)(A), (B); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 154 (1990)). The Commissioner contends that fees are inappropriate in this case because her position (both in the litigation and in the administrative proceedings that led up to it) was substantially justified.

The EAJA doesn't define what "substantially justified" means. Broadly put, the standard is met if there is a "'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The Court must consider whether the Commissioner's "position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) (citing *Hallmark Constr.*, 200 F.3d at 1080). The substantial justification standard is different than the substantial evidence standard, which is used to evaluate the merits of a claimant's request for remand. *See Pierce*, 487 U.S. at 568–69. Thus, a loss on the merits does not automatically constitute a lack of substantial justification. *See id.* at 569.

As applied to Social Security appeals, the Seventh Circuit Court of Appeals has clarified the standard in two complementary cases: *Golembiewski*, 382 F.3d and *Cunningham v. Barnhart*, 440 F.3d 862 (7th Cir. 2006). These cases stand for the following:

> In general . . . if the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees. If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees.

2

*Purvis v. Barnhart*, No. 1:04CV2124 DFH VSS, 2006 WL 3354518, at *2 (S.D. Ind. Nov. 16, 2006) (Hamilton, J.).

In considering substantial justification, the Court is to analyze the "position of the United States," which refers to the conduct of the Commissioner throughout the civil action, including pre-litigation conduct. 28 U.S.C. § 2412(d)(2)(D); *Golembiewski*, 382 F.3d at 724; *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). The Court must undertake a global analysis of the Commissioner's position because whether that position was substantially justified will rarely be decided by a single issue. *See Hallmark Constr.*, 200 F.3d at 1080. The Commissioner bears the burden of proof in showing that her position was substantially justified. *See Pierce*, 487 U.S. at 565; *Golembiewski*, 382 F.3d at 724.

In deciding this case, the Court found that remand was required because the ALJ failed to consider Plaintiff's mild mental limitations as well as Plaintiff's visual limitations in formulating the RFC. The Court rejected the Commissioner's argument that the record did not support any limitations based on Plaintiff's vision problems because this analysis did not appear in the ALJ's decision and making an argument based on it thus violated the *Chenery* doctrine. The Court also found that the ALJ erred in failing to discuss Plaintiff's fatigue and tiredness in crafting the RFC, in violation of Ruling 96-8p.

The Court also directed the ALJ to consider a number of other shortcomings on remand, though it did not make any findings as to whether these errors were reversible. Thus, the Court said that the ALJ's step four analysis on remand should incorporate an evaluation of Plaintiff's job responsibilities as a phone operator both as she actually performed the job and as it is generally performed. The Court also ordered that, if the analysis reached Step Five on remand, the ALJ should

make the requisite specific findings regarding all relevant vocational expert testimony and about transferability of skills.

Regarding credibility, the Court acknowledged that it was not unreasonable to consider Plaintiff's smoking, but nevertheless directed the ALJ to consider the applicable case law regarding credibility and a history of smoking. The Court also directed the ALJ to consider case law dealing with past drug use and lack of candor. The Court further noted that the ALJ failed to discuss Plaintiff's activities of daily living, precipitating and aggravating factors, and medication side effects as set required by SSR 96-7p. Nor did the ALJ discuss the report completed by Plaintiff's husband as required by SSR 06-03p. The Court directed the ALJ to incorporate these factors into her analysis on remand.

This is a close case. The errors were largely of the failure-to-consider-or-explain variety. As the Seventh Circuit Court of Appeals has explained, "it typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified—something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis." *See Bassett v. Astrue*, 641 F.3d 857, 860 (7th Cir. 2011) (citing *Golembiewski*, 382 F.3d at 724)).

Taken individually, the errors were perhaps relatively minor. And the Commissioner is correct that the Court upheld several portions of the ALJ's analysis. *Cf. Harris v. Astrue*, No. 2:06CV222PRC, 2008 WL 410577, at *4 (N.D. Ind. Feb. 11, 2008) (noting that arguments based on tallying are disfavored). This notwithstanding, the articulation errors were numerous and pervasive and compounded by the ALJ's failure to consider relevant case law. Further, the Commissioner's argument regarding Plaintiff's visual problems violated the *Chenery* doctrine,

which is a serious (and common) problem in social security cases. *See id.*; *see also, e.g.*, *Hughes v. Astrue*, 705 F.3d 276, 279 (7th Cir. 2013). Reasonable people might well pause to think about the appropriateness of this action, but would conclude upon reflection that there was no genuine dispute. The Commissioner's position, then, was not substantially justified.

The Commissioner makes no other objections to Plaintiff's fee request, and the Court therefore **GRANTS** Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 28] and **AWARDS** Plaintiff $10,958.90 in attorney fees and costs. The Agency will direct the payment to Plaintiff's attorney in accordance with the fee agreement he has with Plaintiff, provided he is correct that Plaintiff does not owe a debt subject to federal offset.

SO ORDERED this 5th day of February, 2015.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record